IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CORNEISHA S. FOSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:19-CV-343-WKW |
| ) | [WO] |
| C&J TECH ALABAMA, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

After her termination, Plaintiff Corneisha S. Foster filed this action against her former employer, Defendant C&J Tech Alabama, Inc. She alleges that Defendant subjected her to race and national origin discrimination in violation of 42 U.S.C. § 1981, and sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* Plaintiff also alleges that Defendant is liable for several state law torts.

Before the court is Defendant's motion to dismiss the complaint as a shotgun pleading and for failure to state a claim upon which relief can be granted. (Doc. # 11); *see* Fed. R. Civ. P. 8(a), 10(b), 12(b)(6). Plaintiff filed a response in which she purports to "voluntarily dismiss[] all of her state claims and her claims for

discrimination on the basis of race and/or national origin." (Doc. # 15, at 1.) These claims are enumerated in Counts 2–7. The remaining counts — Counts 1 and 8 (incorrectly designated as "Count VII") — are labeled Title VII claims for "Sex Harassment" and "Retaliation." Plaintiff contends that Counts 1 and 8 satisfy notice pleading. (Doc. # 15, at 3–6.) In its reply, Defendant continues to urge dismissal of Counts 1 and 8. (Doc. # 16.)

For the reasons to follow, Plaintiff's attempt to voluntarily dismiss Counts 2–7 will be construed as a motion to amend the complaint and will be granted. Plaintiff will be required to replead Counts 1 and 8 in accordance with the directives of this Order and the Federal Rules of Civil Procedure.

## II. DISCUSSION

A. **Plaintiff's Construed Motion to Amend the Complaint**

Plaintiff provides no authority for her attempt to dismiss some but not all of her claims against Defendant. Rule 41(a) of the Federal Rules of Civil Procedure is not a procedural path open to Plaintiff. It is available only to dismiss an entire action against a defendant, not individual claims. *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action."); *see also Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 956 (11th Cir. 2018) ("Rule 41(a)(1),

according to its plain text, permits voluntary dismissals only of entire 'actions,' not claims."). Rather, the procedural path to effectuate Plaintiff's intention is found in Rule 15(a) of the Federal Rules of Civil Procedure. "A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)." *Klay*, 376 F.3d at 1106 (citation and internal quotation marks omitted).

Examining the substance of Plaintiff's request, rather than the label she attaches to it, Plaintiff's attempt to voluntarily dismiss Counts 2–7 will be construed as a motion to amend under Rule 15(a)(2). *See generally* Fed. R. Civ. P. 1 (providing that the procedural rules "should be construed, administered, and employed by the court . . . to secure the just, speedy, and inexpensive determination of every action").

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P 15(a)(2). Absent "undue delay, bad faith, or dilatory motive on the part of the movant" or "undue prejudice to the opposing party," a motion to amend a pleading generally should be permitted. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, Defendant has not asserted that Plaintiff's amendment, which has the effect of dropping six claims against it, is tainted by excessive delay or improper motives. Nor has Defendant argued prejudice. Defendant has expressed no opposition to the dismissal of these counts. Accordingly, Plaintiff's construed motion to amend will

3

be granted, and Plaintiff will be permitted to file an amended complaint that omits Counts 2–7 and their supporting allegations.

**B.    <u>Defendant's Motion to Dismiss the Complaint as a Shotgun Pleading</u>**

Defendant argues that Counts 1 and 8 are wreckages of shotgun pleading that pulverize the prescriptions of Rule 8(a) and 10(b) of the Federal Rules of Civil Procedure. Defendant contends that Counts 1 and 8 improperly incorporate all preceding paragraphs, that Counts 1 and 8 contain conclusory allegations, and that Count 1 improperly joins multiple claims.

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings'" and have been uniformly rejected by the Eleventh Circuit. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun complaints violate Rule 8 "by fail[ing] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323 (alterations added). In some shotgun complaints, "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. In others, the complaint "commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1323. Still other complaints are "guilty of

4

the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322.

Plaintiff's complaint is a shotgun pleading in two of the three foregoing ways. First, the introduction to Count 1 "incorporates by reference" all preceding paragraphs. (Doc. # 1, ¶ 32.) And Count 8 "incorporates as if fully restated all of the allegations previously written." (Doc. # 1, ¶ 91.) That makes Count 8 "a combination of the entire complaint." *Weiland*, 792 F.3d at 1321.

Second, Counts 1 and 8 use legal conclusions with no or minimal factual context so that it is difficult to know which preceding acts or omissions Defendant is alleged to have committed as to each claim. These pleading deficiencies largely are the consequence of Count 1's and Count 8's incorporation of all preceding paragraphs. Count 1 speaks in legal conclusions, alleging that Plaintiff was the victim of "unwelcomed" "sexual harass[ment], comments, and sexual harassing behavior" that "was severe or pervasive so that it [a]ffected the terms and conditions of her employment." (Doc. # 1, ¶¶ 34–35 (alterations added).) While some of the incorporated preceding allegations are not conclusory as to the type of conduct Plaintiff alleges she endured (*see, e.g.*, Doc. # 1, ¶¶ 9, 12, 16–19, 21), Plaintiff fails to designate which preceding allegations support Count 1. Count 8 suffers a similar defect; it is difficult to decipher which of the myriad preceding ninety paragraphs Plaintiff is relying upon to support her retaliation claim. Also, the allegations that

5

Plaintiff "reported . . . sex discrimination," suffered "unjust scrutiny," and endured "false allegations of misconduct" are vague. (Doc. # 1, ¶ 92.) For these illustrative reasons, Plaintiff will be directed to replead her complaint.[1]

Defendant's argument that the complaint improperly joins two Title VII sexual harassment claims in Count 1, however, carries less force. A Title VII sexual harassment claim requires a plaintiff to show

> (1) that she belongs to a protected group; (2) that she has been subjected to unwelcome sexual harassment; (3) that the harassment was based on her sex; (4) that the harassment was sufficiently severe or pervasive *to alter the terms and conditions of employment* and create a discriminatorily abusive working environment; and (5) that a basis for holding the employer liable exists.

*Hulsey v. Pride Restaurants, LLC*, 367 F.3d 1238, 1244 (11th Cir. 2004) (emphasis added). Under the fifth element, there are two theories for holding an employer liable for sexual harassment that alters the terms and conditions of the plaintiff's employment. The first theory "is if the employee's refusal to submit to a supervisor's sexual demands results in a tangible employment action being taken against her," such as a termination or demotion. *Id.* at 1245. The second theory is if the sexual harassment "is sufficiently severe and pervasive to effectively result in a change . . . in the terms and conditions of employment, even though the employee

---

[1] The pleading deficiencies pointed out in this opinion are illustrative. It is Plaintiff's responsibility to plead her "claims discretely and succinctly." *Weiland*, 792 F.3d at 1320 (citation omitted).

6

is not discharged, demoted, or reassigned." *Id.*  In short, these are two different theories for proving a single claim.

In light of *Hulsey*, Count 1 tracks the elements of a Title VII sexual harassment claim under the first theory (no adverse tangible employment action). (*See* Doc. # 1, ¶¶ 31–43.)  The statement of facts, which is incorporated by reference into Count 1, also alleges that "members of management . . . were allowed by Defendant to approach Plaintiff . . . in order to solicit sex in exchange for money, promotions, and/or benefits."  (Doc. # 1, ¶ 12.)  These allegations suggest a Title VII theory predicated on an adverse tangible employment action.  While separate counts for each theory might advance clearer pleading, Defendant cites no authority that the Eleventh Circuit or Rule 10(b) requires a plaintiff to plead these two theories of a Title VII sexual harassment claim in separate counts.

Defendant, however, cites *Frederick v. Sprint/United Management Co.*, 246 F.3d 1305 (11th Cir. 2001), in which the Eleventh Circuit used the term "claim" when distinguishing a Title VII sexual harassment "claim" alleging adverse tangible employment actions (also known as "*quid pro quo*") from a "claim" alleging no adverse tangible employment actions (also known as "hostile environment"). *Frederick*, 246 F.3d at 1311–12.  In *Hulsey*, the Eleventh Circuit explained that these "claims" actually are theories of liability for holding an employer liable for sexual harassment under Title VII:

> [Plaintiff] was not required to plead tangible employment action as a separate claim, because it is not a separate claim. "Tangible employment action" is a label used to describe one of two ways sexual harassment can rise to the level of violating Title VII. . . . When courts refer to the two types of conduct or fact patterns in cases, or theories of liability, as different types of "claims," they are using the word "claim" as a shorthand—and potentially confusing—way of describing how the plaintiff contends that the employer is vicariously liable under Title VII. When we talk about tangible employment action and hostile environment, what we are or should be talking about are the two alternative ways a plaintiff may establish a basis for the employer's vicarious liability, which is the fifth factor of a Title VII sexual harassment claim.

367 F.3d at 1246.

Based on the teachings of *Hulsey*, Plaintiff's joinder of two theories in a single count for proving a Title VII sexual harassment claim does not violate Rule 10(b) and make the complaint a shotgun pleading. Rather, it is the combination of conclusory legal conclusions in Counts 1 and 8 and the wholesale adoption of all preceding allegations that imperils notice pleading. Plaintiff will be given an opportunity to replead these counts.

### III. CONCLUSION

Based on the foregoing, it is ORDERED:

(1)   Plaintiff's Motion to Amend the Complaint (Doc. # 15) is GRANTED.

(2)   Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff is granted until **on or before March 6, 2020**, to file an amended complaint that omits

8

Counts 2–7 and that complies with the pleading requirements of the Federal Rules of Civil Procedure and the requirements of this Order, including that:

    (a)    The amended complaint must set forth, with clarity, short and plain statements showing Plaintiff is entitled to relief;

    (b)    The complaint must set forth, in separately numbered paragraphs, allegations of fact that are simple, concise, direct, sufficiently detailed, and material to Plaintiff's claims; and

    (c)    Plaintiff may not incorporate all factual allegations by reference into each count; rather, Plaintiff must indicate with clarity which specific factual allegations are material to each specific count.

    (3)    Defendant's motion to dismiss (Doc. # 11) is DENIED.

Plaintiff is ADVISED that, if she does not file an amended complaint on or before **March 6, 2020**, this action will be dismissed without prejudice.  Claims for relief that fail to comply with the Federal Rules of Civil Procedure and the requirements of this Order may be subject to dismissal without further opportunities for amendment

    DONE this 21st day of February, 2020.

                                    /s/ W. Keith Watkins
                            UNITED STATES DISTRICT JUDGE